UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------X

Shadi Kranitz, et al,

Plaintiffs,

v.

BTL Industries, Inc. et al.,

Defendants.

-----------------------------------------------------X

CASE NO. 2:26-cv-02649-KAM-ARL

PLAINTIFFS' NOTICE OF VOLUNTARY DISMISSAL OF DEFENDANT BTL INDUSTRIES. INC. WITHOUT PREJUDICE, PURSUANT TO FRCP 41(a)(1)(A)(i)

**TO THE HONORABLE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD:**

Plaintiffs Shadi Kranitz, Dr. Shadi Concierge Medspa, Nicole King, Cosmo Contour & Spa LLC, Jennifer Tabiza, Jennifer Tabiza Optometrist, APC, Elizabeth Finnessy, Elizabeth S Finnessy II DDS PLLC, Clinton Timmerman, Clinton Scott Timmerman, P.L.L.C., Amy Drab, and Awaken Functional Medicine, PLLC (together, "Plaintiffs"), by and through their undersigned counsel of record, hereby provide notice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), that Plaintiffs are voluntarily dismissing Defendant BTL Industries, Inc. ("BTL") from this action without prejudice.

No Defendant in this matter has filed an Answer or a Motion for Summary Judgment as of the date of this filing. Therefore, the dismissal of BTL is effective upon the filing of this Notice without the need for a Court Order. *See.* Fed. R. Civ. Pro. 41(a)(1)(A)(i).

Plaintiffs are **not** seeking dismissal of this entire action, and will maintain this action against the remaining defendants following the dismissal of BTL. *See, e.g., Money Tree Capital Funding, LLC v. Money Tree Capital Markets LLC*, 2023 WL 2346364 at *2 (S.D.N.Y. Mar. 3, 2023) ("District courts within the Second Circuit have adopted the

approach of the majority of courts in other circuits—that is, that Rule 41(a) does not require dismissal of the action in its entirety.")(quoting *Blaize-Sampeur v. McDowell*, 2007 WL 1958909 at *2 (E.D.N.Y. June 29, 2007); *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 216 F.R.D. 29, 36 (E.D.N.Y. 2003)(granting dismissal of claims against certain, but not all, defendants, without prejudice pursuant to Rule 41(a)); and *General Foods Corp. v. Jay Zimmerman Co.,* 1990 WL 115714 at *2 (S.D.N.Y. Aug. 7, 1990)("The weight of authority holds that, pursuant to Fed. R. Civ. P. 41(a)(1), a plaintiff may dismiss its claims against less than all defendants in a multi-defendant case.").

Plaintiffs and BTL disagree on whether BTL is subject to personal jurisdiction in New York. In an effort to avoid unnecessary motion practice, Plaintiffs have agreed to re-file their claims against BTL in a separate action to be filed in the U.S. District Court for the District of Massachusetts.

The Parties have entered into a separate stipulation to preserve Plaintiffs' and BTL's rights with respect to applicable statutes of limitations and tolling, including agreement that Massachusetts General Laws Chapter 260, Section 32 applies to this action.

Date: October 19, 2026

**HAINES LAW GROUP, APC**

By: *_/s/ Fletcher W. Schmidt________________*
Fletcher W. Schmidt, Esq.
*Counsel for Plaintiffs*